Case3:10-cv-00225-JSW   Document38   Filed09/10/10   Page1 of 7

Andrew M. Steinheimer – 200524
Brandon L. Reeves - 242897
ELLIS, LAVOIE POIRIER,
  STEINHEIMER & MCGEE, LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
asteinheimer@ellislawgrp.com
breeves@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| MICHELE JONES, | Case No.: 3:10-cv-00225-JSW |
|---|---|
| Plaintiff, | **DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| RASH CURTIS & ASSOCIATES, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Defendant RASH CURTIS & ASSOCIATES ("Defendant") hereby responds to the Second Amended Complaint ("Complaint") of Plaintiff MICHELE JONES ("Plaintiff") as follows:

1. As to Paragraphs 1 and 2, Defendant admits that Counts I and II are purportedly based on the FDCPA and Rosenthal FDCPA, but denies that it violated the FDCPA or Rosenthal FDCPA.

2. As to Paragraph 3, Defendant admits that this Court has federal question jurisdiction pursuant to **15 U.S.C. 1692k(d)**, but denies that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367**.

3. As to Paragraph 4, Defendant admits these allegations.

4. As to Paragraphs 5-8, Defendant lacks sufficient information or belief to admit or deny the allegations in these paragraphs and on that basis denies them.

///

- 1 -

5. As to Paragraph 9, Defendant admits it has an office in Vacaville, California, but does not understand the remaining allegations, and on that basis denies them.

6. As to Paragraph 10, Defendant admits that it acts through its employees and agents, but denies that its employees or agents violated the FDCPA or Rosenthal FDCPA.

7. As to Paragraphs 11-16 (including all sub-paragraphs), and 21 (including all sub-paragraphs), Defendant denies these allegations.

8. As to Paragraphs 17-19 and 22-24, Defendant denies that Plaintiff is entitled to any of the relief requested in these paragraphs.

9. As to Paragraph 20, Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 19 as though fully stated herein.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

10. Defendant alleges that the Complaint, and each claim or cause of action contained therein, fails to state facts sufficient to constitute a claim or cause of action.

### SECOND AFFIRMATIVE DEFENSE

11. Defendant alleges that the Complaint, and each claim or cause of action therein, is barred by the applicable statute of limitations, including **15 U.S.C. § 1692k(d)** and **Cal. Civ. Code § 1788.30(f)**.

### THIRD AFFIRMATIVE DEFENSE

12. Defendant alleges that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

13. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries

and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

## FIFTH AFFIRMATIVE DEFENSE

14. Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

15. Defendant alleges that all of its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate, and necessary.

## SEVENTH AFFIRMATIVE DEFENSE

16. Defendant alleges that it has no civil liability under the FDCPA, **15 U.S.C. §§ 1692**, *et seq.*, or Rosenthal FDCPA, **Cal. Civ. Code §§ 1788**, *et seq.*, pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civ. Code § 1788.30(e)** as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## EIGHTH AFFIRMATIVE DEFENSE

17. Defendant alleges that Plaintiff's Complaint, and each and every claim or cause of action therein, is barred by the privilege embodied in **Civil Code § 47(b) and (c)**, or arising under federal and state common law.

## NINTH AFFIRMATIVE DEFENSE

18. Defendant alleges that Plaintiff's Complaint (and the claims or causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## TENTH AFFIRMATIVE DEFENSE

19. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Defendant alleges that any acts attributed to this Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to **15 U.S.C. § 1692k(e)**.

- 3 -

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; 3:10-cv-00225-JSW

### TWELFTH AFFIRMATIVE DEFENSE

21. Defendant alleges that the representations or statements made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity, and accuracy.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint and in the claims or causes of action alleged therein, were consented to by the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, setoff, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26. Defendant alleges that Plaintiff's Complaint, and each and every claim or cause of action therein, is barred by the doctrines of *res judicata* and/or collateral estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

///

- 4 -

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; 3:10-cv-00225-JSW

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For attorney's fees incurred herein pursuant to statute, including 15 U.S.C. § 1692k(a)(3), and **Cal. Civ. Code § 1788.30(c)**;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

Dated: September 10, 2010

           ELLIS, LAVOIE, POIRIER, STEINHEIMER
              & MCGEE, LLP

         By  */s/ Brandon L. Reeves*
           Brandon L. Reeves
           Attorney for Defendant
           RASH CURTIS & ASSOCIATES

- 5 -

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; 3:10-cv-00225-JSW

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant RASH CURTIS & ASSOCIATES hereby demands trial by jury in this action.

DATED: September 10, 2010

                              ELLIS, COLEMAN, POIRIER, LaVOIE & STEINHEIMER, LLP

                              By    /s/ *Brandon L. Reeves*
                                   Brandon L. Reeves
                                   Attorneys for Defendant
                                   RASH CURTIS & ASSOCIATES

# CERTIFICATE OF SERVICE

I, Maria Gutierrez, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On September 10, 2010, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

| | | |
|---|---|---|
| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: | |
| | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: | |
| | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: | |
| | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: | |
| | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: | |
| Ryan Lee<br>Krohn & Moss, Ltd.<br>10474 Santa Monica Boulevard<br>Suite 401<br>Los Angeles, CA 90025 | | Attorneys for<br>Plaintiff Michele Jones |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on September 10, 2010.

By: _____
Maria Gutierrez

- 7 -