Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
MICHELE JONES

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA,
## SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MICHELE JONES, | ) | **Case No.: 3:10-cv-00225-JSW** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| v. | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| RASH CURTIS & ASSOCIATES, | ) | Date:  January 7, 2010 |
| | ) | Time:  9:00 a.m. |
| Defendant. | ) | Dept.: 11, 19th Floor |
| | ) | Judge: Hon. Jeffrey S. White |
| | ) | |
| | ) | Discovery Cutoff:  August 23, 2010 |
| | ) | Trial:  April 11, 2011 |
| | ) | |

**NOW COMES** Plaintiff, by and through her attorneys, Krohn & Moss Ltd., in his

Response in Opposition to Defendant's Motion for Summary Judgment, and hereby states as

follows:

///

///

///

///

///

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES………………………........................1

I.     STATEMENT OF FACTS……………………………………………………………1

II.    STANDARD OF REVIEW…………………………………………….……………4

III.   PLAINTIFF'S FDCPA & RFDCPA CLAIMS…………………………………...5

IV.   GENUINE ISSUES OF MATERIAL FACT PRECLUDE THE ENTRY OF SUMMARY JUDGMENT……………………………………………….……...6

     A.    A Genuine Issue of Material Fact Exists as to Whether Defendant violated §§ 1692b(1) and 1692c(b) of the FDCPA and § 1788.12(c) of the RFDCPA………………………………………………………………………6

     B.    A Genuine Issue of Material Facts Exists as to Whether Defendant violated § 1692c(a)(1) of the FDCPA …………………………………..……………...7

     C.    A Genuine Issue of Material Fact Exists as to Whether Defendant violated §1692d, 1692d(5) of the FDCPA and § 1788.11(d) and 1788.11(e) of the RFDCPA………..………………………………………………………….…8

     D.    A Genuine Issue of Material Facts Exists as to Whether Defendant violated §§ 1692e and 1692e(11) of the FDCPA………………………………………...17

     E.    Violation of the FDCPA is a Per Se Violation of § 1788.17 of the RFDCPA……………………………………………………………………...20

     F.    Plaintiff Voluntarily Withdraws Her §§ 1692b(2) and 1692d(6) Claims……………………………………………………………...…..21

V.    CONCLUSION……………………………………………………...…………21

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

## Cases

*Akalwadi v. Risk Mgmt. Alternatives, Inc.,*
336 F.Supp.2d 492 (D. Md. 2004)……………………………...………………………………16

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)……………………………………………………………………………...4

*Arteaga v. Asset Acceptance, LLC,*
2010 WL 3310259 (E.D. Cal. 2010)……………….……………..……………….…....9, 13, 14

*Baker v. Citibank,*
13 F.Supp.2d 1037 (S.D. Cal. 1998)……………….……………………………………………15

*Baker v. G.C. Services Corp.,*
677 F.2d 775 (9th Cir. 1982)……………………………………………………………………15

*Ballard v. Equifax Checks Services, Inc.,*
158 F. Supp.2d 1163 (E.D. Cal. 2001)……………………..……………………………………...4

*Bassett v. I.C. System, Inc,*
2010 WL 2179175 (N.D. Ill. June 01, 2010)…………………………………………..……15, 16

*Bracken v. Harris & Zide, L.L.P.,*
219 F.R.D. 481 (N.D. Cal. 2004)………………………………………………………………….5

*Brown v. Hosto & Buchan, PLLC,*
2010 WL 4352932, --F. Supp.2d -- (W.D. Tenn., Nov., 2, 2010)………………………………15

*Carroll v. Wolpoff & Abramson,*
961 F.2d 459 (4th Cir. 1992)……………………………………………………………………19

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)…………………………………………………………………………….4

*Clark v. Capital Credit & Collection Serv.,*
460 F.3d 1162 (9th Cir. 2006)……………………………………………………………………..5

*Clark v. Quick Collect, Inc.,*
2005 WL 1586862 (D. Or. 2005)……………………………………………………………….16

*Community for Creative Non-Violence v. Reid,*
109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)………………………………………………………...18

*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,*
447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)…………………………………………18

ii

*Costa v. Nat'l Action Fin. Serv.,*
634 F.Supp.2d 1069 (E.D. Cal. 2007)……………...………….............……....6, 8, 21

*Drossin v. Nat'l Action Financial Services, Inc.,*
641 F.Supp.2d 1314 (S.D. Fla. 2009)……………………………………………..20

*Emanuel v. Am. Credit Exch.,*
870 F.2d 805 (2nd Cir. 1989)…………………………………………………...19

*Hood v. Super. Court,*
33 Cal. App. 4th 319 (1995)…………………………………………………..4

*Hosseinzadeh v. MRS Associates, Inc.,*
387 F.Supp.2d 1104 (C.D. Cal. 2005)……………...…..……………...…………….19

*Hulshizer v. Global Credit Serv. Inc.,*
728 F.2d 1037 (8th Cir. 1984)……………………………………………………19

*Jeter v. Credit Bureau, Inc.,*
760 F.2d 1168 (11th Cir. 1985)………………………………………………15

*Joseph v. J.J. Mac Intyre Companies, LLC.,*
238 F.Supp.2d 1158 (N.D.Cal.2002)………………………………………………16

*Kerwin v. Remittance Assistance Corp.,*
559 F.Supp.2d 1117 (D. Nev. 2008)………………………………………………10, 16

*Krapf v. Nationwide Credit, Inc,*
2010 WL 2025323 (C.D. Cal. May 21, 2010)…..……………...…..……………...14, 15, 16

*Kuhn v. Account Control Tech., Inc.,*
865 F.Supp. 1443 (D. Nev.1994)………………………………………………16

*Leyse v. Corporate Collection Servs., Inc.,*
2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006)………………………………………...19

*Masciarelli v. Richard J. Boudreau & Associates, LLC,*
529 F.Supp.2d 183 (D. Mass. 2007)………………………………………………20

*Pipiles v. Credit Bureau of Lockport, Inc.,*
886 F.2d 22 (2nd Cir. 1989)………………………………………………18, 19

*Poller v Columbia Broadcasting,*
368 U.S. 464, 82 S.Ct. 486 (1981)………………………………...……………5

*Pressley v. Capital Credit & Collection Service, Inc.,*
760 F.2d 922 (9th Cir. 1985)………………………………………...17, 18, 19, 20

iii

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Prewitt v. Wolpoff & Abramson, LLP,*
2007 WL 841778 (W.D. N.Y. 2007)……………………………………….......................16

*Reed v. Global Acceptance Credit Co.,*
2008 WL 3330165 (N.D. Cal. Aug 12, 2008)…………………………………………17, 20

*Rutyna v. Collection Accounts Terminal, Inc.,*
478 F. Supp. 980 (N.D. Ill. 1979)………………………………………………………...15

*Saltzman v. I.C. Sys., Inc.,*
2009 WL 2190359 (E.D. Mich. Sept. 30, 2009)…………………………………………9, 12

*Sanchez v. Client Services,*
520 F.Supp.2d 1149 (N.D. Cal. 2007)……….…………………………………….......14

*Savage v. NIC, Inc.,* No.
CV-08-1780-PHX-JAT, 2009 WL 2259726 (D. Ariz. July 28, 2009)………………………..18

*Schwarm v. Craighead,*
552 F.Supp.2d 1056 (E.D. Cal. 2008)………………………………………….....18, 20

*Seabrook v. Onondaga Bureau of Med. Econ., Inc.,*
705 F.Supp. 81 (N.D.N.Y 1989)……………………………………………………….19

*Sprecher v. Adamson Companies,*
30 Cal.3d 358, 372, 178 Cal.Rptr 783 (1981)…….…………………………………………4

*Swanson v. S. Oregon Credit Serv., Inc.,*
869 F.2d 1222 (9th Cir. 1989)……………………………………………………….....5

*Tolentino v. Friedman,*
46 F.3d 645 (7th Cir. 1995)……………………………………………………………19

*Tucker v. CBE Group, Inc.,*
2010 WL 1849034 (M.D. Fla. May 5, 2010)……………………………….....9, 10, 11, 14, 15

*United States v. Central Adjustment Bureau, Inc.,*
667 F.Supp. 370 (N.D. Tex. 1986)…………………………………………………....16

*Valentine v. Brock & Scott, PLLC,*
2010 U.S. Dist. Lexis 40532 *11 (D.S.C. Apr. 26, 2010)……………………………….15

*Warren v. City of Carlsbad,*
58 F.3d 439 (9th Cir. 1995)…………………………………………………………….4

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## Federal Statutes

Fair Debt Collection Practices Act,

15 U.S.C. § 1692 et. seq.………………………………………………………....1
15 U.S.C. § 1692b(1)………………………………………………………....1, 6, 7
15 U.S.C. § 1692b(2)………………………………………………………….1, 21
15 U.S.C. § 1692c(a)(1)………………………………………………………1, 7, 8
15 U.S.C. § 1692c(b)………………………………………………………....1, 6, 7
15 U.S.C. § 1692d…………………………………………….......1, 8, 9, 10, 15, 17
15 U.S.C. § 1692d(5) ………………………………………….1, 8, 9, 13, 16, 17
15 U.S.C. § 1692d(6)………………………………………………………….1, 21
15 U.S.C. § 1692e…………………………………………………….1, 5, 17, 18
15 U.S.C. § 1692e(11)……………………………………………1, 17, 18, 19, 20

## State Statutes

Rosenthal Fair Debt Collection Practices Act,

Cal. Civ. Code §1788 et. seq.……………………………………………………....1
Cal. Civ. Code § 1788.11(b)………………………………………………………….1
Cal. Civ. Code § 1788.11(d)………………………………………………………1, 8
Cal. Civ. Code § 1788.11(e)………………………………………………………1, 8
Cal. Civ. Code § 1788.12(c)………………………………………………………1, 6
Cal. Civ. Code § 1788.17…………………………………….....1, 5, 6, 8, 20, 21
Cal. Code Civ. Pro 437(c)…………………………………………………………4

## Rules

Federal Rules of Civil Procedure,

Fed.R.Civ.P. 56(b)………………………………………………………….6
Fed.R.Civ.P. 56(c)……………………………………………….......................4

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.      **STATEMENT OF FACTS**

Plaintiff filed a two count Complaint against Defendant based on its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. (RFDCPA). *See* DE 1. Following her deposition Plaintiff amended her Complaint. The amended Complaint alleged the following: 1) Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt; (2) Defendant placed approximately two-hundred (200) collection calls to Plaintiff in the year 2009; (3) Defendant contacted a third party, Plaintiff's mother, and disclosed the nature and existence of the alleged consumer debt; (4) Defendant failed to identify itself as a debt collector to Plaintiff, and; (5) Defendant placed collection calls to Plaintiff from blocked and private numbers. *See* DE 37, ¶¶ 11-15. As a result, Plaintiff alleged violations of the FDCPA, namely, §§ 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(11) and violations of the RFDCPA, namely, §§ 1788.11(b) 1788.11(d), 1788.11(e), 1788.12(c), and 1788.17. *See* DE 37, ¶¶ 21(a)-(e).[1]

At her deposition, Plaintiff testified that she received approximately two-hundred (200) telephone calls from Defendant. *See* Deposition of Plaintiff, Michele Jones (Jones Depo.) attached as Exhibit B to Lee Declaration, 50:1-5. Defendant admits that it placed approximately one-hundred seventy-five (175) telephone calls in an attempt to reach Plaintiff. *See* Declaration of Bob Keith (Bob Keith Decl.) in support of Defendant's motion for summary judgment, attached to DE 44. Additionally, Defendant called Plaintiff from three different phone numbers more than once a day. *See* Jones deposition attached as Exhibit B to Lee Declaration, 23:14-17. Defendant further admits that it placed telephone calls to Plaintiff's cell phone, 510-860-0867, as well as to telephone numbers, 510-235-3359, 510-682-6777, 925-756-7208, 415-724-4534, 510-472-4952, 510-233-0941, 510-559-1400, that Defendant obtained through its clients or through

---

[1] Plaintiff voluntarily withdraws her §§ 1692b(2) and 1692d(6) claims.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

skip-trace efforts. *See* DE 44.  Defendant admits that it called these various telephone numbers associated with Plaintiff multiple times in a twenty-four (24) hour period, including calls to reference numbers attempting to locate and make contact with Plaintiff.  *See* Nos. 10, 11, 12, 13, and 15 of Defendant's Responses to Plaintiff's First Set of Requests for Admissions, attached as Exhibit A to Lee Declaration.  It is not unusual that Defendant would call the same number more than once in a single day.  *See* Bob Keith Decl. attached to DE 44.  Defendant further indicated that a majority of these telephone calls were placed by an automated system that requested that Plaintiff press 1 to be connected with one of Defendant's representatives.  *Id.*  On many occasions, Defendant placed calls and chose not to leave a voicemail message for Plaintiff.  *Id.; see also* Jones Deposition attached as Exhibit B to Lee Declaration, 33:12-17.  Plaintiff testified that Defendant placed a telephone call to Plaintiff before 8:00 a.m. and after 9:00 p.m.  *Id.* at 35:15-18, 36:5-22, 60:12-14, 103:9-19.  Plaintiff supported her testimony with a call-log evidencing a telephone call she received at 9:36 p.m. on December 11, 2009.  *See* Jones Depo., 30:12-25, 35:15-18, 60:12-14; 103:9-19; *see also* a true and correct copy of Plaintiff's call-log attached as Exhibit C to Lee Declaration.  Additionally, Plaintiff testified that she received a telephone call from Defendant sometime in November 2009 at 7:36 p.m.  *See* Jones deposition attached as Exhibit B to Lee Declaration, 36:5-22.

Moreover, Plaintiff testified that she filed her lawsuit against Defendant because of the numerous telephone calls from Defendant that were placed from different telephone numbers belonging to Defendant.  *See* Jones deposition attached as Exhibit B to Lee Declaration, 22:11-17.  Plaintiff believed the telephone calls were frequent, with calls often being placed anywhere from two four times in a single day.  *Id.* at 47:13-19. Plaintiff specifically testified that Defendant would place a call to one telephone number and if no one answered Defendant would wait thirty minutes to one hour and call again.  *Id.* at 47:20-23; 48:3-14.  Plaintiff knew that it was Defendant placing the telephone calls because she knew their telephone numbers and

- 2 -

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

programmed them into her cell phone. *Id.* at 49:1-7. Despite the fact that Plaintiff knew the caller's identity, she felt deceived she believed that Defendant posed as a lawyer and not a collection agency. *Id.* at 68:17-24, 69:1-5. Since Plaintiff previously had been subject to wage garnishment requiring her to interact with lawyers resulted in her understanding that Defendant was a law office because Defendant stated Rash Curtis & Associates was the caller and then proceeded to discuss wage garnishment. *Id.* at 69:1-11. Moreover, Defendant failed to clarify the fact it was a debt collector when speaking to Plaintiff and voicemail messages indicated the call was an important business matter without disclosing the fact Defendant was a debt collector. *Id.* at 69:1-20.

Plaintiff further testified that she also felt these calls harassing and annoying because Defendant would call her place of employment, where she was not permitted to receive personal calls, and if Defendant did not reach Plaintiff Defendant, would call her cell phone and disrupt her classroom. *Id.* at 23:8-12, 28:11-16, 64:2-7, 65:6-7. Plaintiff received messages from Defendant at her place of employment approximately twice per week. *Id.* at 29:12-14. These messages were recorded by the receptionist and provided to Plaintiff. *Id.* at 37:10-16. Interestingly, Defendant's own collection notes indicate that **Defendant placed telephone calls to Plaintiff's place of employment and obtained Plaintiff's employer's fax number "for scare tactic."** *See* Exhibit A, RC-000013 to Keith Declaration, to DE 44; *see also* Defendant's collection notes attached as Exhibit D to Lee Declaration and Defendant's Responses to Plaintiff's First Set of Requests for Production attached as Exhibit E to Lee Declaration.

Plaintiff further testified that she filed the lawsuit because Defendant placed telephone calls to Plaintiff's mother on her home telephone and cell phone numbers. *Id.* at 23:13-19. Plaintiff's mother has repeatedly informed Defendant that Plaintiff could not be located at her telephone number. *Id.* at 24:1-14; 43:16-21. Additionally, Plaintiff called Defendant, provided her mother's cell phone number and requested that Defendant cease telephone calls to her,

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

however, Defendant continued. *Id.* at 44:4-18. In fact, despite the fact that Plaintiff filed the instant action and has consolidated the debt with Defendant, Defendant placed a telephone call to Plaintiff's mother just two weeks prior to Plaintiff's deposition. *Id.* at 102:6-19. Plaintiff knows that Defendant was the caller because her mother indicated that Defendant disclosed the caller's identity. *Id.* 102:9-11. Importantly, Defendant admitted that it placed reference calls to numbers provided by or associated with Plaintiff in an attempt to locate and contact Plaintiff. *See* Nos. 23, 24 of Exhibit A of Lee Declaration. Plaintiff testified that Defendant failed to state that it was confirming location information when it called her mother's house and spoke with her grandmother. *Id.* at 56:17-25. Plaintiff further testified that Defendant communicated with Plaintiff's mother and Plaintiff believed that Defendant told her Plaintiff owed a debt. *Id.* at 58:1-4; 61:7-9.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Ballard v. Equifax Checks Services, Inc.* 158 F. Supp.2d 1163, 1170 (2001) (emphasis added). In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). The moving party bears the burden of proving the absence of any triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The non-moving party can defeat a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor. *Anderson,* 477 at 248.

- 4 -

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At the summary judgment stage, the court's sole function is issue-finding, not issue determination. California Code of Civil Procedure section 437c. The policy for underlying motions for summary judgment is to promote the administration of justice and to expedite litigation by eliminating needless trials. *Hood v. Super. Court,* 33 Cal. App. 4th 319, 323 (1995). *However, the summary judgment procedure is "drastic," and is to be used with caution so that it does not become a substitute for a full trial. Sprecher v. Adamson Companies*, 30 Cal.3d 358, 372, 178 Cal.Rptr 783 (1981). (Emphasis added) "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'" *Poller v Columbia Broadcasting* (1962) 368 U.S. 464, 473, 82 S.Ct. 486, 491.

## III.   PLAINTIFF'S FDCPA & RFDCPA CLAIMS

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e. In determining whether debt collectors are liable under the FDCPA, the Ninth Circuit ruled that violations should be evaluated under the "least sophisticated debtor" standard. *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1989). The least sophisticated debtor standard is objective and meant to protect all consumers, "the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Serv.,* 460 F.3d 1162, 1171 (9th Cir. 2006). Using this standard, a court must ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor. *Id.* Because FDPA was modeled after the Truth-in-Lending Act ("TILA"), courts often look to TILA cases in deciding FDCPA claims. *Bracken v. Harris & Zide, L.L.P.,*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

219 F.R.D. 481, 484 (N.D. Cal. 2004).  Lastly, "[t]he FDCPA is a strict liability statute."  *Irwin v. Mascott,* 112 F.Supp.2d 937, 963 (N.D. Cal. 2000).   A plaintiff need not prove either that defendant knew that their debt collection practices were illegal or that they intended to violate the law.  *Id.*

California incorporated FDCPA into the RFDCPA under Cal. Civ. Code § 1788.17. Because violations of FDCPA also constitute violations of RFDCPA, a court need only refer to the alleged violations under FDCPA.  *Costa v. Nat'l Action Fin. Serv.,* 634 F.Supp.2d 1069 (E.D. Cal. 2007).

## IV.  GENUINE ISSUES OF MATERIAL FACT PRECLUDE THE ENTRY OF SUMMARY JUDGMENT.

By filing its Motion for Summary Judgment, Defendant claims that it there are no issues of material fact left to be decided and, therefore, Defendant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(b).  As argued *infra*, Defendant has failed to meet its burden proving an absence of material fact and that it is entitled to judgment as a matter of law.

### A.  A Genuine Issue of Material Fact Exhibits as to Whether Defendant Violated §§ 1692b(1) and 1692c(b) of the FDCPA and § 1788.12(c) of the RFDCPA.

Section § 1692b(1) prohibits a debt collector from communicating with any person other than the consumer without identifying itself, stating that it confirming or correcting location information concerning the consumer, and if requested, identifying its employer.  *See* § 1692b(1).  Further, § 1692c(b) prohibits a debt collector from communicating "in connection with the collection of any debt, with any person other than the consumer."  *See* § 1692c(b).

Plaintiff alleges that Defendant violated §§ 1692b(1) and 1692c(b) of the FDCPA when Defendant contacted a third party, Plaintiff's mother.[2]  In support of her allegations, at her

---

[2]  As discussed in the standard of review above, California incorporated FDCPA into the RFDCPA under Cal. Civ. Code § 1788.17.  Because violations of FDCPA also constitute violations of RFDCPA, a court need only refer to the alleged violations under FDCPA.  *Costa v. Nat'l Action Fin. Serv.,* 634 F.Supp.2d 1069 (E.D. Cal. 2007).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

deposition, Plaintiff testified that she filed the lawsuit because Defendant placed telephone calls to Plaintiff's mother on her home telephone and cell phone numbers. *Id.* at 23:13-19. Plaintiff's mother has repeatedly informed Defendant that Plaintiff could not be located at her telephone number. *Id.* at 24:1-14; 43:16-21. Additionally, Plaintiff called Defendant, provided her mother's cell phone number and requested that Defendant cease telephone calls to her, however, Defendant continued. *Id.* at 44:4-18. In fact, despite the fact that Plaintiff filed the instant action and has consolidated the debt with Defendant, Defendant placed a telephone call to Plaintiff's mother just two weeks prior to Plaintiff's deposition. *Id.* at 102:6-19. Plaintiff knows that Defendant was the caller because her mother indicated that Defendant disclosed the caller's identity. *Id.* 102:9-11.

Importantly, Defendant admitted that it placed reference calls to numbers provided by or associated with Plaintiff in an attempt to locate and contact Plaintiff. *See* Nos. 23, 24 of Exhibit A to Lee Declaration. Plaintiff testified that Defendant failed to state that it was confirming location information when it called her mother's house and spoke with her grandmother. *See* Jones deposition attached as Exhibit B to Lee Declaration at 56:17-25. Plaintiff further testified that Defendant communicated with Plaintiff's mother and Plaintiff believed that Defendant told her Plaintiff owed a debt. *Id.* at 58:1-4; 61:7-9.

Moreover, Defendant admits that it called these various telephone numbers associated with Plaintiff multiple times in a twenty-four (24) hour period, including calls to reference numbers attempting to locate and make contact with Plaintiff. *See* Nos. 10, 11, 12, 13, and 15 of Defendant's Responses to Plaintiff's First Set of Requests for Admissions, attached as Exhibit A to Lee Declaration. Thus, based upon the evidence before it, this Court should find that there is a genuine issue of material fact as to whether Defendant communicated with Plaintiff's mother in connection with the collection of any debt and failed to identify itself and state that it was

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

confirming or correcting location information concerning Plaintiff in violation of §§ 1692b(1) and 1692c(b) of the FDCPA.

//

//

### B.     A Genuine Issue of Material Fact Exists as to Whether Defendant Violated § 1692c(a)(1) of the FDCPA.

Section § 1692c(a)(1) of the FDCPA prohibits a debt collector from placing telephone calls to a consumer:

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating wit a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

In its motion, Defendant indicates that Plaintiff withdrew her § 1692c(a)(1) claim in her Second Amended Complaint.  However, this is not entirely true.  Plaintiff's § 1692c(a)(1) claim remained, Plaintiff, however, inadvertently and mistakenly omitted the corresponding factual allegation.  *See* DE 24 and DE 37.  Further, Plaintiff would have no reason to withdraw this claim because at her deposition Plaintiff testified that Defendant placed a telephone call to Plaintiff before 8:00 a.m. and after 9:00 p.m.  *See* Jones deposition attached as Exhibit B to Lee Declaration, 35:15-18, 36:5-22, 60:12-14, 103:9-19.  Plaintiff supported her testimony with a call-log evidencing a telephone call she at 9:36 p.m. on December 11, 2009.  *See Id.* at 30:12-25, 35:15-18, 60:12-14; 103:9-19; *see also* Exhibit C to Lee Declaration.  Additionally, Plaintiff testified that she received a telephone call from Defendant sometime in November 2009 at 7:36

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

p.m.  *See* Jones deposition attached as Exhibit B to Lee Declaration 36:5-22.[3]  Accordingly, a genuine issue of material fact exists as to whether Defendant violated § 1692c(a)(1) of the FDCPA.

    **C.**    **A Genuine Issue of Material Fact Exists as to Whether Defendant Violated §§ 1692d, 1692d(5) of the FDCPA and §§1788.11(d) and 1788.11(e) of the RFDCPA.[4]**

Plaintiff alleges that Defendant violated §1692d and §1692d(5) of the FDCPA when Defendant constantly and continuously placed telephone calls to Plaintiff. Pursuant to § 1692d "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d. Further, under § 1692d(5) a debt collector that causes a person's telephone to ring "repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5).  Additionally, a debt collector that engages "any person in telephone conversation repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct.  15 U.S.C. § 1692d(5).

Despite the Defendant's own admission that it placed one-hundred seventy-five (175) telephone calls and Plaintiff's testimony that she received approximately two-hundred (200) telephone calls in support of her claim that Defendant violated § 1692d and § 1692d(5) of the FDCPA, Defendant argues that it is not enough to indicate harassment.  Defendant relies on the decisions from *Tucker v. CBE Group, Inc.*, 2010 WL 1849034 (M.D. Fla. May 5, 2010), *Arteaga*

---

[3] To the extent that there is any ambiguity in Plaintiff's Amended Complaint, Plaintiff moves this Court to conform the pleadings to the evidence.

[4] As discussed in the standard of review above, California incorporated FDCPA into the RFDCPA under Cal. Civ. Code § 1788.17.  Because violations of FDCPA also constitute violations of RFDCPA, a court need only refer to the alleged violations under FDCPA. *Costa v. Nat'l Action Fin. Serv.,* 634 F.Supp.2d 1069 (E.D. Cal. 2007).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*v. Asset Acceptance, LLC,* 2010 WL 3310259 (E.D. Cal. 2010) and *Saltzman v. I.C. Sys., Inc.,* 2009 WL 2190359 (E.D. Mich. Sept. 30, 2009).   However, Defendant's argument is fatally flawed in that all of the cases it cites are readily distinguishable, non-binding and/or fundamentally contrary to case law around the country or contrary to the intent of congress in enacting the FDCPA.

First, Defendant's reliance on *Tucker* is misplaced.   The court in *Tucker* granted summary judgment as to the plaintiff's § 1692d claim based solely on the fact that the plaintiff, *a non-debtor*, did not introduce evidence of the collector's intent to harass.   The *Tucker* court concluded there was no evidence of intent to harass because:  1) the phone number the collector was calling was listed in the debtor's credit report as belonging to the debtor and not the plaintiff; 2) the debt collector left the plaintiff messages informing that the debt collector was attempting to reach plaintiff's daughter to collect on the debt, and not the plaintiff; 3) the plaintiff never answered any calls made by the debt collector; and 4) the plaintiff testified that he knew they were not trying to collect from him.   The court did not conclude as a matter of law that there is some certain threshold as to what does or does not constitute harassment regarding the number or frequency of the calls.[5]   As to the plaintiff's 1692d claim the *Tucker* court merely concluded, *in granting summary judgment*, that there were no facts in that case to suggest the debt collector was attempting to harass the plaintiff.[6]

---

[5] In fact, the *Tucker* court acknowledged that the "number of calls made during the relevant time period does seem somewhat high." *Tucker* at *7-8 (emphasis added).   The defendant in *Tucker* made up to seven (7) calls a day which the court referred to as "somewhat high."   While this Court should not determine the threshold level for harassment as a matter of law, it stands to reason that calls on a daily, or almost daily basis, for a period of months would also be considered somewhat high by the *Tucker* standard.

[6] The *Tucker* court's conclusion contradicts, however, decisions from other courts that have opined, "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." *See,* e.g., *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In the present case, Plaintiff testified that she received approximately two-hundred (200) telephone calls from Defendant. *See* Jones deposition attached as Exhibit B to Lee Declaration, 50:1-5. Defendant admits that it placed approximately one-hundred seventy-five (175) telephone calls in an attempt to reach Plaintiff. *See* Bob Keith Decl. attached to DE 44. Defendant called Plaintiff from three different phone numbers more than once a day. *See* Jones Depo., 23:14-17. Defendant admits that it called various telephone numbers associated with Plaintiff multiple times in a twenty-four (24) hour period, including calls to reference numbers attempting to locate and make contact with Plaintiff. *See* Nos. 10, 11, 12, 13, and 15 of Exhibit A to Lee Declaration. Defendant further admitted that is not unusual that Defendant would call the same number more than once in a single day. *See* Bob Keith Decl. attached to DE 44. Defendant indicated that a majority of these telephone calls were placed by an automated system and that Defendant placed calls and chose not to leave a voicemail message for Plaintiff. *Id.; see also* Jones Depo., 33:12-17.

Moreover, Plaintiff testified that she filed her lawsuit against Defendant because she received numerous telephone calls from Defendant that were placed from different telephone numbers belonging to Defendant. *See* Jones deposition attached as Exhibit B to Lee Declaration, 22:11-17. Plaintiff believed the telephone calls were frequent with calls often being placed anywhere from two four times in a single day. *Id.* at 47:13-19. Specifically, Plaintiff testified that Defendant would place a call to one telephone number and if no one answered Defendant would wait thirty minutes to one hour and call again. *Id.* at 47:20-23; 48:3-14. Plaintiff knew that it was Defendant placing the telephone calls because she knew their telephone numbers and programmed them into her cell phone. *Id.* at 49:1-7. Despite the fact that Plaintiff knew the identity of the caller, she felt deceived because she believed that Defendant posed as a lawyer and not a collection agency. *Id.* at 68:17-24, 69:1-5. Since Plaintiff previously had been subject to wage garnishment requiring her to interact with lawyers resulted in her understanding that

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant was a law office because Defendant stated Rash Curtis & Associates was the caller and then proceeded to discuss wage garnishment.  *Id.* at 69:1-11.  Additionally, Defendant failed to clarify the fact it was a debt collector when speaking to Plaintiff and voicemail messages indicated the call was an important business matter without disclosing the fact Defendant was a debt collector.  *Id.* at 69:1-20.

Plaintiff further testified that she felt these calls harassing and annoying because of their frequency and because Defendant would call her place of employment, where she was not permitted to receive personal calls, and if Defendant did not reach Plaintiff, Defendant would call her cell phone and disrupt her classroom.  *Id.* at 23:8-12, 28:11-16, 64:2-7, 65:6-7.  Plaintiff received messages from Defendant at her place of employment approximately twice per week.  *Id.* at 29:12-14.  These messages were recorded by the receptionist and provided to Plaintiff.  *Id.* at 37:10-16.  Interestingly, Defendant's own collection notes indicate that Defendant placed telephone calls to Plaintiff's place of employment and obtained Plaintiff's employer's fax number **"for scare tactic."**  *See* Exhibit A to Keith Declaration, RC-000013, to DE 44 and Defendant's collection notes attached as Exhibit D to Lee Declaration and Defendant's Responses to Plaintiff's First Set of Requests for Production attached as Exhibit E to Lee Declaration.  Clearly, the frequency of telephone calls, belief on the part of Plaintiff that Defendant posed as a law firm, and Defendant's own admission that it utilized a **"scare tactic"** creates a genuine issue of intent to harass on the part of Defendant, facts which were not present in *Tucker.*

Defendant also cites to *Saltzman*, a non-binding Michigan case that runs afoul of case law throughout the nation.  There the court stated "a debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day.  *Saltzman*, *supra*, *7.  In *Saltzman*, Defendant's account notes showed approximately twenty (20) telephone contacts to Plaintiff with only two being answered.  *Id* at *2.  In contrast to this case, Defendant admits to

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

approximately one-hundred seventy-five (175) telephone calls. Further, in *Saltzman,* the plaintiff indicated that at least one of the calls on her call log was from another collector. *Id* at 1. The court reasoned that the plaintiff's questionable call logs, her lack of evidentiary support, as well as a lack of cited case law warranted a holding that no violation occurred. *Id* at 3, 7. That case is readily distinguishable with the present case in which Defendant admits to approximately one-hundred seventy-five (175) telephone calls in an attempt to reach Plaintiff. *See* Bob Keith Decl. attached to DE 44. Moreover, Defendant admits that it called these various telephone numbers associated with Plaintiff multiple times in a twenty-four (24) hour period, including calls to reference numbers attempting to locate and make contact with Plaintiff. *See* Nos. 10, 11, 12, 13, and 15 of Exhibit A. Defendant admitted that it is not unusual to call the same number more than once in a single day. *See* Decl. of B. Keith attached to DE 44. Defendant indicated that a majority of these telephone calls were placed by an automated system that requested that Plaintiff press 1 to be connected with one of Defendant's representatives. *Id.* Defendant admitted that on many occasions, Defendant placed calls and chose not to leave a voicemail message for Plaintiff. *Id.; see also* Jones deposition attached as Exhibit B to Lee Declaration, 33:12-17.

Moreover, Plaintiff testified that she filed her lawsuit against Defendant because she received numerous telephone calls from Defendant that were placed from different telephone numbers belonging to Defendant. *See* Jones deposition attached as Exhibit B to Lee Declaration, 22:11-17. Plaintiff believed the telephone calls were frequent with calls often being placed anywhere from two four times in a single day. *Id.* at 47:13-19. With respect to the frequency of telephone calls, Plaintiff was able to specifically testify that Defendant would place a call to one telephone number and if no one answered Defendant would wait thirty minutes to one hour and call again. *Id.* at 47:20-23; 48:3-14. Plaintiff knew that it was Defendant placing the telephone calls because she knew their telephone numbers and programmed them into her cell phone. *Id.* at

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

49:1-7.  Despite the fact that Plaintiff knew it was Defendant calling, she felt deceived based on the fact that she believes that Defendant posed as a lawyer and not a collection agency.  *Id.* at 68:17-24, 69:1-5.  Since Plaintiff previously had been subject to wage garnishment requiring her to interact with lawyers resulted in her understanding that Defendant was a law office because Defendant stated Rash Curtis & Associates was the caller and then proceeded to discuss wage garnishment.  *Id.* at 69:1-11.  Moreover, Defendant failed to clarify the fact it was a debt collector when speaking to Plaintiff and voicemail messages indicated the call was an important business matter without disclosing the fact Defendant was a debt collector.  *Id.* at 69:1-20.

Plaintiff further testified that she felt these calls harassing and annoying because due to the number of calls and because Defendant would call her place of employment where she was not permitted to receive personal calls and if Defendant did not reach Plaintiff Defendant would call her cell phone and disrupt her classroom.  *Id.* at 23:8-12, 28:11-16, 64:2-7, 65:6-7.  Plaintiff received messages from Defendant at her place of employment approximately twice per week.  *Id.* at 29:12-14.  These messages were recorded by the receptionist and provided to Plaintiff.  *Id.* at 37:10-16.  These facts coupled with Defendant's own collection notes indicating that Defendant placed telephone calls to Plaintiff's place of employment and obtained Plaintiff's employer's fax number **"for scare tactic"** establishes a genuine issue of material fact as to whether Defendant had the intent to annoy and harass Plaintiff.  *See* Exhibit A to Keith Declaration, RC-000013, to DE 44, Defendant's collection notes attached as Exhibit D to Lee Declaration and Defendant's Responses to Plaintiff's First Set of Requests for Production attached as Exhibit E to Lee Declaration..

Finally, Defendant is misleading this Court in its analysis of *Arteaga*.  The *Arteaga* court concluded that Defendant's conduct did not rise to the level of harassment under § 1692d(5), in part, because the plaintiff did not **present evidence** that the defendant called her multiple times in a single day.  *Arteaga,* 2010 WL 3310259 at *7 (E.D. Cal. 2010) (emphasis added).  This is in

- 14 -

direct contrast to the present case.  This is in stark contrast to all the evidence submitted by Plaintiff and the admissions by Defendant as to the number of calls and its use of a **"scare tactic."**

Moreover, in *Sanchez v. Client Services,* a case involving fifty-four (54) telephone calls to the debtor's workplace in six months, the Court held "the frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff.  *Sanchez,* 520 F.Supp.2d 1149 at 1161.  The *Sanchez* court found that the *defendant's uncontroverted* conduct was so egregious that as a matter of law it constituted a violation of the Act.  Notably the court did not find that the facts at issue warranted dismissal, but rather due to the defendant's failure to dispute any of the facts at issue, the facts actually warranted summary judgment in favor of the plaintiff.  The court held, "[e]ven viewing the record in the light most favorable to defendants, the frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff Irma Sanchez. Accordingly, plaintiff's motion for partial summary judgment as to this claim is granted."  *Id.* at 1161.

Even more importantly, the court in *Krapf v. Nationwide Credit, Inc,* 2010 WL 2025323 (C.D. Cal. May 21, 2010), recognized that the court in *Sanchez* reached the exact opposite conclusion of *Tucker* in regards to the underlying motion for summary judgment.  The court noted that the court in *Sanchez* granted summary judgment to an FDCPA plaintiff where the defendant made fifty-four (54) calls to the plaintiff at her work over a six-month period, including a day where six calls were made.  *Sanchez*, 520 F.Supp.2d at 1160-61.   The *Krapf* court commented:

> Indeed, the court in *Sanchez* granted summary judgment for the *plaintiff* where the volume and frequency of calls were nearly identical to the circumstances in *Tucker,* where the court granted summary judgment for the *defendant.*

- 15 -

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Krapf,* 2010 WL 2025323 at *4. The *Krapf* court concluded that courts simply take different views as to the amount and pattern of calls sufficient to raise a triable issue of fact of intent. *Id.* Furthermore, the *Tucker* court mistakenly applied a subjective standard to determine if the plaintiff had been harassed instead of objectively looking at the conduct of the debt collector from a consumer's perspective. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985) ("we hold that claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression or abuse"); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 778 (9th Cir. 1982) (applying a least sophisticated consumer standard); *Baker v. Citibank,* 13 F.Supp.2d 1037, 1041 (S.D. Cal. 1998) (same); and *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979) ("actual effect on the recipient is irrelevant"). As such, the *Tucker* decision merely evidences differing opinions and is not an indication that Defendant's conduct is not a violation of the FDCPA as a matter of law.

It should be noted that case law throughout the nation recognizes that whether the nature and frequency of debt collection calls constitutes harassment **is a factual issue for the jury**. (Emphasis added). *See Brown v. Hosto & Buchan, PLLC,* 2010 WL 4352932, --F. Supp.2d -- (W.D. Tenn., Nov., 2, 2010)("The nature of telephone calls, including their frequency, substance, or the place to which they are made, provides grounds to infer a debt collector's intent to annoy, abuse, or harass without any other evidence of the debt collector's motive in calling"); *Valentine v. Brock & Scott, PLLC*, 2010 U.S. Dist. Lexis 40532 *11 (D.S.C. Apr. 26, 2010) (in which the court found allegations that the court called Plaintiff eleven times over a period of nineteen days, with two calls occurring on the same day to be sufficient to state a claim for relief). *Bassett v. I.C. System, Inc,* 2010 WL 2179175, -- F. Supp.2d -- (N.D. Ill. June 01, 2010) (whether volume of collection calls constituted an intent to annoy or harass was an issue of fact for the jury); *Krapf v. Nationwide Credit, Inc,* 2010 WL 2025323 (C.D. Cal. May 21, 2010) (same); *Kerwin v.*

- 16 -

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made"); *Joseph v. J.J. Mac Intyre Companies, LLC.*, 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002) ("[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls"); *Kuhn v. Account Control Tech., Inc,* 865 F.Supp. 1443, 1453 (D. Nev. 1994) (six telephone calls in twenty-four minutes constituted harassment in violation of § 1692d(5)); *United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370, 376 (N.D. Tex. 1986), *aff'd,* 823 F.2d 880 (5th Cir. 1987) (finding harassment where debt collector made as many as four to five telephone calls to the same debtor in one day); *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F.Supp.2d 492, 506 (D. Md. 2004) ("The record reflects periods in which telephone calls were made on a daily basis and three telephone calls being made within five hours on the same day. The reasonableness of this volume of calls and their pattern is a question of fact for the jury"); *Prewitt v. Wolpoff & Abramson*, *LLP*, 2007 WL 841778 (W.D. N.Y. 2007) (number of calls was an issue of fact for fact finder);; and *Clark v. Quick Collect, Inc.*, 2005 WL 1586862, *4 (D. Or. 2005) ("The Court, therefore, holds the reasonableness of Morrin's volume of calls and their pattern is a question of fact for the jury").

Finally, in *Bassett v. I.C. System, Inc.,* 2010 WL 2179175, *3, -- F.Supp.2d --, (N.D. Ill June 01, 2010), the court determined that because it is undisputed that the defendant called the plaintiff thirty-one (31) times over a twelve (12) day period, plaintiff had presented sufficient evidence raising a genuine issue of material fact that defendant violated § 1692d(5) of the FDCPA. *Id.* at *4. As such, the court denied the defendant's summary judgment as to the plaintiff's § 1692d(5) claim. In the present case, Defendant admits that it called Plaintiff on one-hundred and seventy-six occasions. Therefore, like the defendant in *Bassett*, Defendant does not dispute any calls placed to Plaintiff. Accordingly, Plaintiff has presented sufficient evidence

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

raising a genuine issue of material fact that defendant violated § 1692d(5) of the FDCPA. *Id.*

Therefore, Defendant's motion should be denied as to Plaintiff's §§ 1692d and 1692d(5) claims.

> **D.    A Genuine Issue of Material Fact Exists as to Whether Defendant Violated §§ 1692e and 1692e(11) of the FDCPA.**

Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." U.S.C. § 1692e. Section § 1692e sets forth a non-exclusive list of conduct that constitutes a violation of § 1692e. Under § 1692e(11), a debt collector is required to disclose in **all subsequent communications** that the communication is from a debt collector. 15 U.S.C. § 1692e(11) (emphasis added). Plaintiff alleges that Defendant failed to disclose the requisite information during telephone calls with Plaintiff and when Defendant left voicemail messages indicating that the call was an important business matter without disclosing the fact Defendant was a debt collector. *Id.* at 69:1-20.

Defendant does not refute the fact that it failed to state in subsequent communications that the call was from a debt collector when speaking to Plaintiff. Nor does refute the fact that it failed to state that the call was from a debt collector in subsequent communications when leaving voicemail messages for Plaintiff. Defendant merely maintains that Plaintiff knew that it was Defendant when she received telephone calls on her cell phone and thus argues that it should be relieved from having to comport with the requisite disclosures under § 1692e(11). Defendant cites to *Reed v. Global Acceptance Credit Co.,* 2008 WL 3330165 at *3-5 (N.D. Cal. Aug 12, 2008) and *Pressley v. Capital Credit & Collection Service, Inc.,* 760 F.2d 922, 926 (9th Cir. 1985) in which the Northern District of California and the Ninth Circuit held that where the debtor already knows the identity of the debt collector, follow-up notices from the debt collector are not communications and do not require compliance with § 1692e(11) as long as they were not misleading or false. *Reed,* 2008 WL 3330165 at *3-5; *Pressley,* 760 F.2d at 926.

The starting point for the interpretation of a statute is always its language. *Community for Creative Non-Violence v. Reid,* 109 S.Ct. 2166, 2172, 104 L.Ed.2d 811 (1989). "Thus, absent a

- 18 -

clearly expressed legislative intention to the contrary, the language used must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Defendant's argument and reliance on *Reed* and *Pressley* completely ignores the fact that courts have found that the FDCPA requires that a debt collector identify himself as a debt collector in *all* subsequent communications. *See* § 1692e(11); *Savage v. NIC, Inc.,* No. CV-08-1780-PHX-JAT, 2009 WL 2259726 (D. Ariz. July 28, 2009), citing *Schwarm v. Craighead,* 552 F.Supp.2d 1056, 1081-82 (E.D. Cal. 2008) (finding that the defendant creditor was required to include the disclosure that the communication was from a debt collector **in all eleven subsequent communications** between the defendant creditor and the plaintiff debtor). Given the protectionist nature of the statute, courts find that presuming that a plaintiff was aware that the defendant was a debt collector would be contrary to the objectives of the statute to protect debtors, even the least sophisticated, from abusive or deceptive collection practices. *See Savage,* 2009 WL 2259726 *6; *see also* § 1692e.

Importantly, the *Pressley* court avoided the conclusion that the required disclosures must be present in "all communications" by finding that such a result would "ignore the balancing mandated by Congress" between the interests of consumers in freedom from harassment and the interests of ethical debt collectors in freedom from unnecessary restrictions, 760 F.2d at 925, that "[n]o useful purpose would be served by repetition of a formal warning in such follow up notice to a debtor," *id.* at 926, and that this requirement was not intended by Congress. *Id.* This Court should disagree.

In providing that "all communications" contain the required disclosures, Congress appears to have precluded the "balancing" suggested in *Pressley*. *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 27 (2nd Cir. 1989). Moreover, the *Pressley* court's decision was based on a prior version of § 1692e(11). *Pressley,* 760 F.2d at 922. The 1996 amendment also limited the requisite disclosure for subsequent communications to include only that the

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

communication is from a debt collector.  This limitation is consistent with the Ninth Circuit's reasoning that Congress did not intend for the full disclosure in the pre 1996 version of subsection (11) require to be in every subsequent communication.  *Id.*  Therefore, in light of the 1996 amendments to § 1692e(11), the Ninth Circuit's holding that § 1692e(11) does not apply to follow up notices is no longer good law.

Moreover, numerous courts have rejected *Pressley*, and in fact, this Court would be hard pressed to find a single court outside the Ninth Circuit adopting *Pressley*'s reasoning.  *See, e.g., Tolentino v. Friedman,* 46 F.3d 645, 650 (7th Cir. 1995) (noting widespread rejection of *Pressley*); *Carroll v. Wolpoff & Abramson,* 961 F.2d 459, 461 (4th Cir. 1992) (stating "in our view, the language 'all communications' in § 1692e(11) is clear and unambiguous.  It makes no distinction between initial and subsequent communications"); *Pipiles,* 886 F.2d at 27 (explaining reasons why the Second Circuit disagrees with *Pressley*); *Emanuel v. Am. Credit Exch.,* 870 F.2d 805, 808 (2nd Cir. 1989); *Hulshizer v. Global Credit Serv. Inc.,* 728 F.2d 1037, 1038 (8th Cir. 1984); *Hosseinzadeh v. M.R.S. Assoc., Inc.,* 387 F.Supp.2d 1104, 1114-16 (C.D. Cal. 2005) (defendant's message failed to convey its status as a debt collector, in violation of FDCPA); *Seabrook v. Onondaga Bureau of Med. Econ., Inc.,* 705 F.Supp. 81, 86-87 (N.D.N.Y 1989); *Leyse v. Corporate Collection Servs., Inc.,* 2006 WL 2708451, *5 (S.D.N.Y. Sept. 18, 2006) (No material issue of fact existed as to whether pre-recorded messages defied the requirements of § 1692e(11) as defendant did not identify itself as a debt collector and messages did not mention anything pertaining to debt collection, or for that matter, anything pertaining to finances).  Thus, given the clear and unambiguous language of § 1692e(11), a collection agent must follow the disclosure requirement of identifying himself as a debt collector in **all** communications. *Masciarelli v. Richard J. Boudreau & Associates, LLC,* 529 F.Supp.2d 183, 186 (D. Mass. 2007).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Even more importantly, district courts in California reject the interpretation of the statute in *Pressley,* the case relied upon in *Reed. See Schwarm,* 552 F.Supp.2d at 1082. In *Schwarm,* the court explained that the Ninth Circuit in *Pressley* reasoned that a follow up notice did not constitute a "communication" as used in § 1692e(11). *Id.* The court's decision, however, was based upon a prior version of § 1692e(11), which Congress amended subsection (11) in 1996 to differentiate between "initial" communications and "subsequent" communications. *Id.* at 1082 n. 18. The previous version of § 1692e(11) merely required "that any communication 'made to collect a debt or to obtain information about a consumer' must disclose 'that the debt collector is attempting to collect a debt and that any information obtained will be sued for that purpose.'" *Id.* at 1082 n. 18 (discussing the 1996 amendment to § 1692e(11) that distinguished between initial and subsequent communications finding that *Pressley* was no longer good law). Moreover, in *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F.Supp.2d 1314 (S.D. Fla. 2009), the court declined to rely on the *Reed* decision, and concluded that the identification by name recognition alone, without disclosing that the caller was a debt collector, was insufficient to satisfy the requirements of the FDCPA. *Id.* at 1319. Thus, this Court should be persuaded that the plain language of the statute as it now reads, having been amended, which requires a debt collector to identify in subsequent communications that the call is from a debt collector. Accordingly, this Court should conclude that the grounds advanced by Defendant do not entitle it to summary judgment on Plaintiff's § 1692e(11) claim.

**E.      Violation of the FDCPA is a Per Se Violation of §1788.17 of the RFDCPA.**

California's RFDCPA, Cal. Civ. §1788.17 reads, in pertinent part: "… every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §§1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of, Title 15 of the United States Code." Under this section, if the court finds that the Defendant has violated any one of the FDCPA provisions discussed herein, it must also find that the Defendant has violated

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

the RFDCPA.  *See Costa*, 634 F.Supp.2d 1069 as discussed supra.  As discussed throughout its

Opposition, Plaintiff demonstrates that several provisions of the FDCPA have been violated.  As

such, Plaintiffs alleged violation of §1788.17 of the RFDCPA is warranted and proper in light of

the facts in the case at bar.

     **F.**    **Plaintiff Voluntarily Withdraws Her §§ 1692b(2) and 1692d(6) Claims.**

     Plaintiff voluntarily withdraws her §§ 1692b(2) and 1692d(6) claims.

**VI.**   **CONCLUSION**

     As the moving party, Defendant has the burden to show that there are no triable issues of

fact to be determined at trial.  Defendant failed to provide any argument beyond mere self-

serving and conclusory statements to indicate it should be entitled to judgment as a matter of law

as to the issue of damages.  There remain genuine issues of material fact as to the reasonableness

of the volume and pattern of telephone calls placed to Plaintiff.  As such, Defendant failed to

meet its burden and, accordingly, the motion should be denied.

     WHEREFORE, Plaintiff, MICHELE JONES, respectfully requests that this Honorable

Court enter an order denying Defendant's Motion for Summary Judgment and for any additional

relief in favor of Plaintiff deemed just and appropriate.


                                      RESPECTFULLY SUBMITTED,

                                        Krohn & Moss, Ltd.


DATED: December 17, 2010              By  /s/ Ryan Lee_____
                                       Ryan Lee

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**PROOF OF SERVICE**

I, Ryan Lee, state the following:

      I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.  On December 17, 2010, I served the following document(s):

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On the parties listed below:

Andrew M. Steinheimer
Brandon L. Reeves

Ellis, Lavoie Poirier, Steinheimer & McGee, LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825

asteinheimer@ellislawgrp.com
breeves@ellislawgrp.com

      By the following means of service:

[X]    **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]    **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

      Executed on December 17, 2010, at Los Angeles, California.

DATED:  December 17, 2010         KROHN & MOSS, LTD.

              By:     /s/ Ryan Lee_____
                        Ryan Lee

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT